**Michael KALSON, also known as Mark Edwards, Plaintiff–Appellant,**

v.

**UNITED STATES OF AMERICA, United States Election Assistance Commission,[1] Alberto Gonzales, United States Attorney General, Defendants–Appellees.**

No. 05–1010–CV.

United States Court of Appeals, Second Circuit.

Dec. 27, 2005.

Todd C. Bank, Kew Gardens, N.Y., for Plaintiff–Appellant.

Ramon E. Reyes, Jr., Assistant United States Attorney for David N. Kelley, United States Attorney for the Southern District of New York (Kathy S. Marks, Assistant United States Attorney, on the brief), New York, N.Y., for Defendants–Appellees.

PRESENT: Hon. JAMES L. OAKES, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

SUMMARY ORDER

We presume the parties' familiarity with the facts, procedural posture, and scope of the issues on appeal, which we reference only as necessary to explain our decision. Plaintiff–Appellant Michael Kalson appeals the dismissal of his complaint challenging the constitutionality of the National Voter Registration Act ("NVRA"), 42 U.S.C. § 1973gg *et seq.*, by the district court (Kaplan, *J.*). The district court concluded that Kalson did not have standing to bring the suit, and on that ground granted Appellees' motion to dismiss the action for lack of subject matter jurisdiction. We agree and affirm the judgment for substantially the reasons given by the district court.

Whether a claimant has standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *In re Gucci,* 126 F.3d 380, 387–88 (2d Cir.1997) (quoting *Warth*

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the United States Election Assistance Commission has been substituted for the Federal Election Commission in this case.

*v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). The requirements for a plaintiff to establish standing are well-settled: "First, plaintiffs must show that they have suffered an injury in fact that is both concrete in nature and particularized to them. Second, the injury must be fairly traceable to defendants' conduct. Third, the injury must be redressable by removal of defendants' conduct." *In re U.S. Catholic Conference,* 885 F.2d 1020, 1023–24 (2d Cir.1989) (internal citations omitted). The district court properly concluded that Kalson's putative injury-in-fact—that his vote had been and would continue to be "diluted" because more New York citizens were voting as a result of the operation of the NVRA—was neither sufficiently concrete nor particularized to establish a cognizable injury. Judge Kaplan also validly determined that Kalson had failed to establish that his claimed injury could be traced to defendants' conduct or that his putative injury would be redressed by a successful challenge to the NVRA. For these reasons, we conclude that Kalson lacked standing, and that the district court was correct to dismiss his complaint for want of subject matter jurisdiction.

We have considered all of Kalson's arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED.